351 P.2d 642

**STATE of Arizona, Appellee,**

v.

**Frank G. ROBLES, Appellant.**

**No. 1166.**

Supreme Court of Arizona.

April 27, 1960.

Frank G. Robles, pro se.

Wade Church, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Harry Ackerman, Pima County Atty., and Robert N. Hillock, Deputy County Atty., Tucson, for appellee.

JOHNSON, Justice.

Defendant entered a plea of guilty to three counts of criminal libel on April 2, 1959, at which time he was sentenced to

pay a fine of $100 and serve six months in the county jail on Count I, and to serve six months in the county jail on each of Counts II and III, the sentences to run consecutively. The court then suspended the execution of the jail sentences; specifying certain conditions in the following manner:

"* * * that the defendant will hereafter in all respects, conduct himself as a law abiding citizen, and will refrain from making character attacks upon any person in the community of Tucson or the County of Pima; and further orders the defendant to refrain from making character attacks upon anyone when they are as baseless as these appear to have been; * * *"

The fine was duly paid and defendant released on probation.

On May 28, 1959, defendant moved to vacate the judgment, among other things alleging that A.R.S. § 13–351 provides that criminal libel shall be punished by a fine *or* imprisonment, but not both. The court agreed with defendant's objection and ordered the fine remitted on Count I and that defendant remain under the suspended jail sentences on the three counts. Thereafter, on July 17, 1959, defendant filed notice of appeal. With respect to Counts II and III, defendant's appeal was dismissed by this Court on October 27, 1959, on the ground that notice of appeal had not been given within 60 days of entry of judgment or sentence appealed from, as required by 17 A.R.S. Rules of Criminal Procedure, Rule 348. Defendant's appeal remains as to Count I. The appeal is from the sentence as modified and also from the terms and conditions of probation.

The State of Arizona concedes the correctness of defendant's contention that the sentence of Count I was executed when the fine was paid and that the fine could not later be ordered remitted to preserve the suspended sentence. State v. Bigelow, 76 Ariz. 13, 258 P.2d 409, 39 A.L. R.2d 979. The general rule, the State points out, is that where the statute provides for fine *or* imprisonment but the defendant is sentenced to both, each portion being within the statutory limitation, the sentence is, at that point, merely excessive and not void. Either the fine or the imprisonment may be stricken by the court. But the execution of either part of the sentence, by paying the fine or serving the imprisonment, renders the remaining part void. We agree with the position taken by the State of Arizona. Defendant's payment of the fine executed the sentence imposed under Count I, thus rendering void and of no effect the further provisions of Count I respecting suspension of imprisonment and probation. Smith v. State, 37 Ariz. 262, 293 P. 23.

We therefore order the judgment corrected to the effect that the judgment imposing a fine in the sum of $100 be reinstated and that portion of the judgment continuing probation and the suspension of the passing of sentence of imprisonment on Count I is void and of no effect; therefore the judgment as modified, is affirmed.

STRUCKMEYER, C. J., and PHELPS, UDALL, and BERNSTEIN, JJ., concurring.