**Edward W. BELL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 66–219.**

United States District Court
E. D. Illinois.
Nov. 17, 1966.

motion to proceed in forma pauperis will be granted.

The petition alleges that petitioner appeared in the District Court of Roanoke, Virginia, on May 10, 1965; that the grand jury returned a true bill against him; that subsequently on May 20, 1965, he entered a plea of guilty and was sentenced to four years; that the sentence was suspended and petitioner was placed on probation for three years and fined the sum of $1,000.00 to be paid at the rate of $100.00 per month, and that restitution in the amount of $174.59 be made during the period of probation; that petitioner asked and was granted permission to reside in the City of East St. Louis, Illinois; that on or about June 1, 1966, petitioner was advised to appear in the United States District Court in East St. Louis, Illinois, for a hearing on violation of probation; that on June 29, 1966 this court revoked and set aside the probation and sentenced the petitioner to four years in prison.

Petitioner further alleges that the court in sentencing the petitioner stipulated that the petitioner was to pay a fine of $1,000.00 as a part of a probationary sentence imposed by the court; that the petitioner complied with the dictates of the court and did pay the thousand dollars; however, as soon as the petitioner did pay this thousand dollars, the petitioner was called into court for a hearing for violation of probation; that subsequently, petitioner was sentenced to a term of four years and all time previously was held for naught.

Petitioner asserts that he is therefore entitled to reimbursement of his thousand dollars.

Even if the allegations of the petition were true as set forth, the petitioner is not entitled to the relief he asks.

■ After conviction of an offense carrying the penalty of both fine and imprisonment, the court is authorized to impose a fine, either as a matter of punishment or as a condition of probation, and at the same time suspend the imposition of a sentence of imprisonment or impose

Edward W. Bell, pro se.

Carl W. Feickert, U. S. Atty., East St. Louis, Ill., for respondent.

## MEMORANDUM AND ORDER

JUERGENS, Chief Judge.

Edward W. Bell files his petition for writ of replevin and asks to proceed in forma pauperis. The petition being accompanied by appropriate affidavit, the

such sentence of imprisonment and suspend its execution. In enacting the probation statute, Congress intended to authorize the imposition and require the payment of a fine in either of the alternatives provided by the statute. Mitchem v. United States, 193 F.2d 55 (5th Cir., 1951). Accordingly, if the fine had been imposed merely as a condition of probation and the fine paid, this did not deprive the court of jurisdiction to enforce the rules of probation, and when petitioner violated his probation, the court had jurisdiction to revoke the probation for cause, which this court did.

The judgment and order of probation entered by the Honorable Ted Dalton, United States District Judge for the Western District of Virginia, Roanoke Division, provides in pertinent parts as follows:

"IT IS ADJUDGED that the two counts of the indictment are herewith consolidated for sentencing purposes. IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for a term of FOUR (4) YEARS and fined the sum of $1,000.-00. The execution of the sentence as to imprisonment only is suspended and the defendant placed on probation for a period of THREE (3) YEARS on the following terms and conditions:

1. that the defendant make restitution in the sum of $174.59.

2. that the fine of $1,000.00 be paid at the rate of $100.00 each month beginning June 1, 1965, and a like amount the first of each month thereafter until the entire fine of $1,000.00 is paid in full.

"IT IS FURTHER ORDERED that during the period of probation the defendant shall conduct himself as a law-abiding, industrious citizen and observe such conditions of probation as the Court may prescribe. Otherwise the defendant may be brought before the court for a violation of the court's orders."

■■ The trial court had jurisdiction under the criminal code to enter the sentence of fine and imprisonment, and under the provisions of the probation statute he had the authority to suspend the execution of the sentence as to either the fine or the imprisonment or as to both, as he in his judgment deemed proper. Contrary to the petitioner's assertions, the trial judge imposed a sentence of four years imprisonment pursuant to the statute, which he suspended, and he also assessed a fine as a part of the punishment prescribed. That the defendant has completed that part of the sentence providing a fine by paying the fine does not relieve him of completing the remainder of the sentence, namely, that of maintaining proper conduct during the probationary period.

At any time during the course of the probationary period that the petitioner was found guilty of violating the conditions of his probation, the probation was subject to revocation and he was then subject to be incarcerated pursuant to the unpaid part of his sentence. This did not relieve him of that part of the sentence imposing the fine of $1,000.00.

It is, therefore, the order of this Court that the petitioner be and he is hereby permitted to file his petition for writ of replevin in forma pauperis and the Clerk is ordered to file same without prepayment of costs.

It is the further order of this Court that the petition for writ of replevin be and the same is hereby denied.

It is the further order of this Court that the Clerk send to the petitioner a copy of this order.