## COMMISSIONER OF MOTOR VEHICLES
## *v.* LEE

[No. 382, September Term, 1968.]

*Decided June 25, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*William T. S. Bricker, Special Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellant.

*Leonard J. Grossman,* with whom were *Goodman, Meagher & Enoch* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

The appeal in this case involves the action of the appellant, the Commissioner of Motor Vehicles (Commissioner) in revoking the license to operate a motor vehicle of the appellee, Robert Vernester Lee, in light of the decision of the Municipal Court of Baltimore City, Traffic Division, upon charges against Mr. Lee for violations of Code (1957), Art. 66½, § 206 (operating under the influence of alcohol) and § 209 (reckless driving). Mr. Lee was charged on August 17, 1968 with the violations mentioned. At the trial before the Municipal Court of Baltimore City on September 18, 1968, Mr. Lee entered pleas of "Not Guilty" to both charges. After hearing evidence, the Municipal Court entered findings of "Probation Without Verdict" and imposed pecuniary penalties, totalling $115 and costs.

The record of the proceedings against Lee in the Municipal Court having been forwarded to the Commissioner, a hearing was held by Rudolph W. Walker, License Reviewer, on October 11, 1968 at which Mr. Lee and his counsel were present. Although the Baltimore City Court (Sodaro, J.) in its opinion stated that Mr. Lee's license was revoked under the provisions of Art. 66½, § 104 which directs a *mandatory* revocation of a license upon "conviction" for "driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug," and this was alleged in the Commissioner's motion for certiorari and is also stated by the Attorney General in his brief filed on behalf of the Commissioner and apparently acquiesced in by the appellee; an examination of the record indicates that the License Reviewer proceeded under Art. 66½, § 105(d) which provides:

"(d) *Applicant or licensee unfit or unsafe person.*—The Department, after due hearing,

may refuse, suspend or revoke the operator's license, motorcycle operator's, chauffeur's license or special chauffeur's license or the registration of any vehicle granted under this article for any violation of this article by any such applicant, licensee or registrant, and for any other cause or reason which, in the opinion of the Department renders the holder of any such license or registration an unfit or unsafe person to hold the same; provided at least three (3) days' notice by registered or certified letter to the address as shown by the records of the Department, shall be given; and further provided that said person shall have the right of appeal as provided for by § 109."

The report of the License Reviewer indicates that he, taking into consideration among other factors the proceedings in the Municipal Court against Lee, found that Lee was an "unfit and unsafe" person within the meaning of Art. 66½, § 105.

An appeal was taken to the Baltimore City Court by Mr. Lee in accordance with Art. 66½, § 109 which provides in relevant part:

"§ 109. Right of appeal to court.

"(a) *In general.* — Any person denied a license or whose license has been cancelled, suspended or revoked by the Department, except where such cancellation or revocation is mandatory, under the provisions of this article, shall have the right to file an appeal for a hearing in the matter in the Baltimore City court or in the circuit court of the county as the case may be, wherein such person shall reside and such court is hereby vested with jurisdiction to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provi-

sions of this article. In the case of nonresidents the circuit court of the county or the Baltimore City court depending upon the place where such nonresident was convicted of any violation of this article, shall have jurisdiction."

See also Art. 41, § 255 designating the Baltimore City Court as a reviewing court for such an appeal.

The case came on for trial on December 3, 1968 at which time the Commissioner objected to the Baltimore City Court's jurisdiction to hear an appeal for a revocation of a license under the mandatory provisions of § 104, but the objection was overruled by the lower court. The case was submitted for determination of the court without the aid of a jury and was held sub curia. In the Commissioner's brief it is stated that the case was submitted to the trial court upon an agreed statement of facts, but the record does not disclose any such agreed statement. The docket entries show that the petition for appeal was filed on October 15, 1968 and the Commissioner's answer was filed on October 30, 1968 on which date the transcript of the record of proceedings before the Commissioner was filed. There is nothing in the docket entries to indicate that any agreed statement of facts was filed.

On December 19, 1968 the lower court filed a memorandum opinion indicating that the Commissioner should be reversed. On the same date the docket entries also show that "The decision of the Department of Motor Vehicles is hereby, *Reversed*" and "Judgment absolute in favor of the Plaintiff (Appellant), for costs of suit."

As we have stated, the lower court's opinion is based upon the erroneous theory that the license was revoked under the mandatory provisions of § 104, rather than under § 105 (d) which, as we have observed, is the section under which the License Reviewer actually proceeded. The lower court was of the opinion that there had been no "conviction" in Mr. Lee's case by the Municipal Court and that the Commissioner had attempted to "look be-

hind" a judicial determination which was "legally arbitrary and capricious."

We granted certiorari on February 3, 1969 upon the motion of the Commissioner alleging (1) that since the revocation of the license had occurred pursuant to § 104, no appeal would lie to the Baltimore City Court and (2) that the scope of the opinion of the lower court constituted an impermissible intrusion by the lower court into the administrative duties imposed upon the Commissioner by statute. For both of these reasons, as well as the alleged danger to the public safety which might result, the Commissioner urged upon us that the public interest indicated that a writ of certiorari should be issued in order to resolve these important matters. As we indicated, we did grant certiorari and the case was briefed and argued before us in regular course, but, unfortunately, upon the erroneous assumption that the appellee's license had been revoked under § 104.

In view of the erroneous assumption mentioned, we will remand the case to the lower court without affirmance or reversal so that further proceedings may be held to determine whether or not the Commissioner acted properly in revoking the license under § 105(d). As we do not believe that there is any doubt that the Baltimore City Court has jurisdiction under § 109 to hear appeals from a nonmandatory revocation pursuant to § 105(d), and because that question was neither briefed nor argued before us, we need not consider the question of the court's jurisdiction. But inasmuch as the record indicates that the License Reviewer considered *in part*, the imposition of the fine as some evidence of "guilt" on the part of Mr. Lee, we have concluded that for the guidance of the lower court upon the remand and in accordance with Maryland Rule 885, we shall indicate our opinion in regard to certain aspects of the matters briefed and argued before us.

At the outset, we observed that, in our opinion, it is not proper for the municipal courts, the circuit courts for the counties or for the Criminal Court of Baltimore to make a finding of "Probation without Verdict" as to a

particular offense charged and at the same time impose a pecuniary penalty or fine for that offense. The two actions are inconsistent with each other.

We reviewed the origin and development of the concept of "probation before verdict" and the present provisions of the Maryland law under Art. 27, § 641 giving that power, with the written consent of the accused, to the circuit courts of the counties and the Criminal Court of Baltimore in *Skinker v. State,* 239 Md. 234, 210 A. 2d 716 (1965). We pointed out that:

> "Unlike the supension of the imposition of or the execution of a criminal sentence, which can be exercised 'only when there has been a conviction and sentence thereon, probation without verdict, if granted, avoids any finding of guilt' (*State v. Jacob, supra,* 234 Md. at 455). Avoidance of the stigma of a criminal record, indeed, is the very *raison d'etre* of the procedure." (234 Md. at 239, 210 A. 2d at 719)

Curiously enough the power of the Municipal Court of Baltimore City to "place persons charged on probation without finding a verdict" is given by Art. 26, § 114 (Acts of 1961, Chapter 616), but there is no specific provision requiring the written consent of the accused as is required by Art. 27, § 641 in criminal proceedings in the circuit courts of the counties and in the Criminal Court of Baltimore. We express no opinion in regard to what effect the absence of this requirement in provisions governing procedure in the Municipal Court of Baltimore City may have, but, assuming *arguendo* that such consent is not required for the validity of the imposition of probation without finding a verdict in that court, we are of the opinion that our observations in *Skinker,* quoted above, are equally applicable to this procedure in the Municipal Court of Baltimore City and that the granting of probation without finding a verdict "avoids any finding of guilt."

On the other hand, it is clear to us that the imposition of a fine or pecuniary penalty payable to the State may only be done by the Municipal Court if there is a "conviction" which necessarily requires a finding of guilt.

In Black's Law Dictionary (4th ed. 1951) "fine" in criminal law is defined as follows:

> "A pecuniary punishment imposed by lawful tribunal upon persons *convicted* of crime or misdemeanor. \* \* \* A pecuniary *penalty*. \* \* \*." (Emphasis supplied)

See *Dorsey v. Petrott*, 178 Md. 230, 250, 13 A. 2d 630, 640 (1940).

In 36A C.J.S. *Fines* § 1 (1961) at 431, a "fine" is defined as follows:

> "A 'fine' is a sum expressly imposed in lieu of, or in addition to, a term of imprisonment, or as any part of the punishment for an offense; it is a pecuniary punishment imposed by a lawful tribunal on a person *convicted* of a crime or misdemeanor." (Emphasis supplied.)

"Penalty" is defined in 70 C.J.S. *Penalties* § 1 (1951) at 387, as follows:

> "A penalty is a sum of money which the law exacts payment by way of punishment for doing some act that is prohibited or omitting to do some act that is required to be done."

Art. 66½, § 102 requires the clerks of the various courts throughout the State to "forward to the Department [of Motor Vehicles] a record of the *conviction* of any person in said court" (emphasis supplied) for the violation of the motor vehicle laws. Pursuant to § 102, the records of the proceedings against Lee in the Municipal Court were forwarded to the Department as a case in which there had been a "conviction," doubtless because there was a fine imposed and apparently paid by Mr. Lee.

The Attorney General stated in the brief for the Com-

missioner, without contradiction, that at least two *nisi prius* courts have held that a fine could not be imposed as a condition of probation without verdict, citing the late Judge Edwin Harlan of the Supreme Bench of Baltimore City in *State v. Palmer* (Ind. 780Y/1963) and Judge Raine of the Circuit Court for Baltimore County who stated on September 21, 1966, "It is a legal bastard. It is sort of evading the issue. * * * No one has ever heard of a probation before verdict being followed by a jail sentence. That's a punitive measure and so's a fine. Both of these penalties can only be applied with a verdict."

It is important to observe, also, that the then Attorney General, Thomas B. Finan, now a judge of this Court, at the request of the then Chief Judge of the Municipal Court of Baltimore City, T. Barton Harrington, advised Chief Judge Harrington on May 11, 1964 (see 49 Opinions of the Attorney General 129 (1964)) that no "monetary charge, sometimes described as a 'fine,' sometimes as a 'condition of probation' " other than court costs, could be imposed upon an accused granted probation without verdict.

It is our opinion that a monetary fine, penalty or charge payable to the State may only be imposed upon an accused if there is a finding of guilt, either after a trial on the merits or upon valid pleas of guilty or *nolo contendere*. Such an imposition is inconsistent with the granting of probation without finding a verdict. This does not mean, however, that the payment of money by way of *restitution* may not, in proper cases, be imposed as a condition of probation without finding a verdict. Such a requirement is to be distinguished from a fine or penalty payable to the State as *punishment* for the commission of a crime, and is in the nature of reparations or redress to make whole, persons who have been injured by the accused's conduct. As such, it is not punitive, and is not, like a fine, consistent only with a criminal conviction.

In the light of this, it appears that the Municipal Court has taken, in the same case and for the same offenses, two inconsistent actions. As we do not believe they may be

adequately reconciled, the question remains as to which one is controlling. The accused might take the position that the action of the Municipal Court should be interpreted in a light most favorable to him, but in the present case, Mr. Lee apparently paid the fine voluntarily, and took no appeal from the action of the Municipal Court in imposing the fine. It may be possible that this action, if done after explanation by, and with the advice of counsel, may be tantamount to a withdrawal of the original pleas of "Not Guilty" and in substance and effect (but obviously not in form) amount to the entry of a plea of *"nolo contendere"* accepted by the Municipal Court, thus permitting the valid imposition of the fine. The record in the present case is too meager and incomplete to enable us to express an opinion on this, inasmuch as we are not able to discover if Mr. Lee was, in fact, represented by counsel at the Municipal Court hearing and whether or not he was advised by counsel of the possible effect of acquiescing in and paying the fine. These matters may be explored upon the remand.

Of course, the present action is in no way an attack, either direct or collateral, on the decision of the Municipal Court. Thus, for the limited purposes of the Department of Motor Vehicles, we believe that the Commissioner and his License Reviewer were justified in assuming, *prima facie,* upon receipt of the report of the Municipal Court clerk of the *Lee* case as required by the statute where there has been a *conviction,* that there necessarily was a finding of guilt by the Municipal Court for the traffic violations involved. We believe that the transmission of such a record showing the payment of the fine by the accused may be so treated by the Commissioner and that until the licensee rebuts that assumption by successful appeal to the Criminal Court of Baltimore from the Municipal Court, or otherwise, the Commissioner could proceed on the theory that there had been a conviction in the case. *Cf.* Code, Art. 66½, § 104 (c) which provides that for purposes of the mandatory revocation procedure, the forfeiture of bail or collateral shall be treated as a con-

viction. The lower court indicated that the Commissioner in this case, through his License Reviewer, was attempting to look behind a judicial finding to determine the guilt or innocence of persons, but this does not appear to us to be the case. The License Reviewer was looking at two inconsistent actions of the Municipal Court, one only consistent with no finding of guilt, the other only consistent with a finding of guilt. When the elements of (1) the report by the clerk and (2) the apparent voluntary payment of the fine by the accused are added to the consideration of the matter, the License Reviewer would have been justified, in our opinion, in proceeding under § 104 for a mandatory revocation upon a conviction for operating a motor vehicle while under the influence of intoxicating liquor. Because of the inherent confusion in the situation, however, he acted with commendable caution in proceeding under § 105(d) after notice and a hearing with counsel present in which he considered the possible finding of guilt resulting in a fine, paid by the accused, but also—and perhaps more importantly—he considered the facts on the merits, which led him to conclude that Mr. Lee was an unfit and unsafe person to hold his operating license. Whether or not the License Reviewer was correct in this action will abide the result in the lower court upon the remand.

We do not reach the question in this case of whether or not an appeal would lie to the Baltimore City Court, because, as we have noted, the License Reviewer proceeded under § 105(d) in revoking the license and his action under this section is clearly appealable by virtue of the provisions of § 109.

> *Case remanded to the Baltimore City Court, without affirmance or reversal, for further proceedings in accordance with this opinion, the costs to be paid by the appellant, Commissioner of Motor Vehicles.*