THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SCOTT VERDICH *et al.*, Defendants-Appellants.

Fifth District   No. 75-325

Opinion filed December 29, 1976.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and Harold E. Nelson, research assistant, for appellants.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendants, Scott and Lauren Verdich, were charged by information in Jackson County with the offense of theft under $150, in violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1). Defendants were found guilty after a bench trial in the circuit court of Jackson County. The trial court rendered judgment that each defendant pay within 30 days a fine of $50 and court costs, and his or her share of $16.91 plus tax to the victim store as restitution for the items stolen. This amount represents the retail price of the items. Defendants appeal from this judgment.

■■ The State suggests that this may not be a final order appealable in this court. It directs our attention to an alleged inconsistency between the trial court's statements that it was "staying judgment" for 30 days to allow the defendants time to pay their fine and, that its order was final and appealable to this court. The order is appealable. The trial court was merely ordering a specified period of time for payment of the fine imposed as allowed by the Unified Code of Corrections, section 5—9—1 (Ill. Rev. Stat. 1975, ch. 38, par. 1005—9—1(d)).

Defendants contend on appeal: (1) that the trial court's restitution order, imposed in addition to a fine upon defendants' conviction of misdemeanor theft, was without statutory basis, and (2) that the amount imposed for restitution was in excess of the complainant's "actual loss." Our finding on the issue presented by defendants' first contention is dispositive of this appeal. We therefore do not reach the issue whether retail value is a proper measure for restitution to a victim store in a criminal theft proceeding.

The precise issue presented is whether a trial court, in imposing sentence upon a conviction for a misdemeanor, may order the defendants to make restitution in addition to paying a fine and court costs. We find that it may not. However, this court wishes to make clear that it is not holding that a trial court may never order defendants to make restitution for goods stolen or damage done as part of a sentence for a criminal conviction. Restitution in a criminal proceeding may be imposed as a

condition of a sentence of probation or conditional discharge. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b)(10); *People v. Breen*, 26 Ill. App. 3d 547, 325 N.E.2d 738, *cause remanded*, 62 Ill. 2d 323, 342 N.E.2d 31; *People v. Ondrey*, 32 Ill. App. 3d 73, 335 N.E.2d 531.) Also, the trial court: (1) may impose a fine in addition to a sentence of probation or conditional discharge (Ill. Rev. Stat. 1975, ch. 38, par. 1005—9—1(b)), or, (2) make the paying of a fine a condition of a sentence of probation or conditional discharge (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b)(2)). In either of these two situations, if a condition of probation is restitution, both a fine and restitution are validly imposed as parts of a sentence. However, none of these possibilities is involved in the instant case.

■■ The State argues that this court should consider the sentence below to be a sentence of conditional discharge. The record does not support this contention. The trial court does not suggest anywhere that its sentence is a conditional discharge. There is no language informing the defendants of the mandatory conditions of a conditional discharge embodied in subsections (a)(1) and (2) of section 5—6—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(a)(1) and (2)), nor is there any indication that defendants were given certificates setting out the conditions of their conditional discharge as required by subsection (c) of section 5—6—3 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(c)). It is evident from the record only that the court was fining the defendants pursuant to its statutory authority. Ill. Rev. Stat. 1975, ch. 38, pars. 1005—5—3 and 1005—9—1.

■■ The provision establishing authorized fines (Ill. Rev. Stat. 1975, ch. 38, par. 1005—9—1) does not empower the court to additionally order restitution in sentencing an offender to pay a fine. This exclusion compels us to find that the trial court was without such power. The statute does direct the court to consider, in determining the amount and method of payment of a fine, whether the fine will prevent the offender from making court-ordered restitution to his victim; however, this restitution must have been ordered as a condition of probation or conditional discharge. It has been held that restitution may only be ordered as a condition of probation and is not allowed in addition to imprisonment for a misdemeanor. (*People v. Ondrey.*) We feel that this rationale is equally true where the court is imposing a sentence of fine for a misdemeanor.

For the foregoing reasons, the judgment is affirmed in part and modified in part. The sentence is reduced to $50 fine and court costs for each defendant.

Affirmed in part, modified in part.

EBERSPACHER and G. J. MORAN, JJ., concur.