597 P.2d 317

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Charles Roland ARAGON,**
**Defendant-Appellant.**

**No. 3979.**

Court of Appeals of New Mexico.

June 5, 1979.

Timothy P. Woolston, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

This appeal involves the legal effect of a deferred sentence when, in the same judgment, a fine was imposed, the fine having been paid before the deferral was revoked and sentence imposed.

In July, 1977, defendant pled guilty to a fourth degree felony. The authorized sentence was imprisonment for not less than one nor more than five years, or a fine not to exceed $5,000, or both. Section 31–18–3(D), N.M.S.A.1978. However, the trial court, pursuant to § 31–20–3, N.M.S.A.1978, could defer the imposition of sentence.

The July, 1977 judgment states: "[I]t is ordered that imposition of sentence be deferred for a period of three years and de-

fendant is ordered to be placed on probation . . . . Further, the defendant be and is hereby fined in the amount of $2,000."

A fine is a sentence. *State v. Holland*, 91 N.M. 386, 574 P.2d 605 (Ct.App. 1978). The July, 1977 judgment is contradictory because it both defers imposition of sentence and imposes a sentence in the form of a fine. The contradiction exists because defendant pled guilty to only one count; we do not have a situation where the deferral and the fine may be applied to separate counts. See § 31–20–4, N.M.S.A. 1978.

Defendant violated a probation condition imposed in connection with the deferred sentence of July, 1977. In January, 1979, the trial court revoked the deferral and imposed the prison sentence authorized for a fourth degree felony. This order of the trial court also imposed a fine "in the amount of $2,000.00, which has been paid in accord with the Order previously entered."

Defendant objected to this order, pointing out that he had been fined $2,000 in the July, 1977 judgment. There is no question that this fine had been paid. The minutes of the July, 1977 sentencing hearing state that defendant was remanded to the sheriff until the fine was paid. Objecting to the prison sentence, defendant contended "there is no jail sentence possible in this case at this time . . . ."

In the trial court, the prosecutor's position was that the deferred sentence of July, 1977 could properly be revoked, that the fine which defendant had paid had no effect on the deferral, that defendant's only relief was to seek to have the fine remitted. On appeal, the State contends the fine imposed by the July, 1977 judgment was void, but asserts this does not aid defendant because, in imposing sentence after revoking the deferral, the trial court imposed the same fine.

The trial court could not both defer sentence and impose sentence, for one offense, in the same judgment. Thus, the issue is the legal effect of the deferred sentence imposed in the July, 1977 judgment.

One approach to answering the issue is to construe the sentences imposed (the deferral and the fine) in order to give effect to the intent of the trial court. 24 C.J.S. Criminal Law § 1585 (1961) states: "A sentence, as any other judgment, is construed in its entirety according to the usual canons of construction, and so as to give effect to the intent of the sentencing court." See *Hollingsworth v. Hicks*, 57 N.M. 336, 258 P.2d 724 (1953). This approach is of no assistance in this case because the minutes of the July, 1977 sentencing hearing show the trial court intended both to defer sentence and also to impose a sentence in the form of a fine.

Another approach is to determine whether either the deferred sentence or the fine was void, *at the time they were entered.* This is the approach taken by the parties. It is unnecessary, in this case, to determine whether a portion of the July, 1977 judgment was void at the time of entry.

We determine the question of the legal effect of the deferred sentence at the time the deferral was revoked; we do so on the basis of an executed judgment. We adopt this approach because both the deferred sentence and the fine, standing alone, were within the authority of the trial court. The problem arises from their interrelationship. Because the trial court could not both defer a sentence and impose sentence for the same offense, either the deferral or the fine was subject to being stricken as an improper sentence. "But the execution of either part of the sentence . . . renders the remaining part void. . . . Defendant's payment of the fine executed the sentence imposed under Count I, thus rendering void and of no effect the further provisions of Count I respecting suspension of imprisonment and probation." *State v. Robles*, 87 Ariz. 359, 351 P.2d 642 (1960).

When defendant paid the fine, the sentence of July, 1977 was executed. The deferred sentence became void at the time the fine was paid. Probation was authorized in this case solely because of the deferred sentence. Section 31-20-5, N.M.S.A. 1978. Once the deferred sentence became

void, the probation requirements were no longer in effect. A violation of probation conditions, which were not in effect, was not a basis for revoking a deferred sentence, which was void. See *State v. Doe*, 90 N.M. 249, 561 P.2d 948 (Ct.App. 1977).

Once the sentence was executed by payment of the fine, the trial court lacked authority to impose additional punishment upon defendant. *State v. Allen*, 82 N.M. 373, 482 P.2d 237 (1971); *State v. Baros*, 78 N.M. 623, 435 P.2d 1005 (1968); *State v. Soria*, 82 N.M. 509, 484 P.2d 351 (Ct.App. 1971).

The order and commitment filed January 31, 1979 is reversed. The cause is remanded with instructions to discharge the defendant from the sentence imposed by the order and commitment.

IT IS SO ORDERED.

ANDREWS, J., concurs.

HERNANDEZ, J., specially concurring.

HERNANDEZ, Judge (specially concurring).

I concur in the opinion. However, I think that it is necessary to make clear my understanding of its holding.

As Judge Wood points out the authorized sentence for a fourth degree felony is imprisonment for not less than one year nor more than five years, or to the payment of a fine not more than $5,000 or to both imprisonment and fine. Section 31-18-3(D), supra. Had the trial court imposed a sentence of imprisonment and a fine it could have entered "an order suspending in whole or in part the execution of the sentence." Section 31-20-3(B), N.M.S.A.1978. The trial court, however, imposed sentence of a $2,000 fine and deferred sentence at the same time. Presumably the trial court intended to impose a sentence of both fine and imprisonment, but this is not what resulted. The holding of this case is that you cannot impose part of a sentence and defer another part.