991 A.2d 1251

MOTOR VEHICLE ADMINISTRATION

v.

Leonard JAIGOBIN.

No. 89 Sept.Term, 2009.

Court of Appeals of Maryland.

April 6, 2010.

Damon L. Bell, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Glen Burnie, MD), on brief, for Petitioner.

Daniel L. Shea (Brault Graham, LLC, Rockville, MD), on brief, for Respondent.

ARGUED BEFORE BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

MURPHY, Judge.

In this appeal from the Circuit Court for Montgomery County,[1] we are presented with an issue of statutory interpretation: Does a "probation before judgment" (PBJ) imposed

---

1. Because no prior appellate decision has been rendered in the case at bar, the designation of the parties is controlled by Md. Rule 8–111(a)(1).

pursuant to § 6–220 of the Criminal Procedure Article (CP § 6–220) constitute a "conviction" as that term is defined in the Maryland Commercial Driver's License Act (§ 16–803(d) of the Transportation Article; TA § 16–803(d))? If the answer to this question is "no," the Motor Vehicle Administration, Appellant (the Administration),[2] was incorrect in imposing a "disqualification" on the commercial driver's license (CDL) held by Leonard Jaigobin, Appellee.[3] For the reasons that follow, however, we hold that the answer to this question is "yes."

## Background

On December 27, 2007, Appellee was charged with driving while under the influence "per se," in violation of § 21–902(a)(2) of the Transportation Article. On September 16, 2008, the District Court of Maryland, sitting in Montgomery County, found him guilty of that offense. After Appellee was found guilty, he accepted "probation before judgment," a disposition authorized by CP § 6–220. A defendant who accepts PBJ is required to sign his or her name at the bottom of a Probation Order, immediately underneath the "CON-SENT" portion of the order that concludes with the following acknowledgment:

> If I fail to abide by the above conditions, the Court could enter judgment against me and proceed with a disposition as if I had not been placed under probation. I have been

---

**2.** Appellant asks (in the words of its brief):

Did the circuit court err in holding that a disposition of probation before judgment, entered after a driver has been found guilty of drunk driving, is not a "conviction," as defined by § 16–803(d) of the Transportation Article, that disqualifies the driver from operating a commercial motor vehicle?

**3.** Appellee asserts that two questions are presented, and asks (in the words of his brief):

1. Should this appeal be dismissed as moot?

2. Was the Circuit Court correct in concluding that a single phrase in § 16–803(d) of the *Transportation Article* should not be read in isolation so as to render superfluous and nugatory the remainder of the statutory provision?

notified and I understand that by consenting to and receiving a stay of judgment under Criminal Procedure Article, § 6–220, I waive my right to appeal from a judgment of guilty by the Court in this case.

The record includes Appellee's written acknowledgment of- and consent to-the terms of the Probation Order entered by the District Court.

On October 14, 2008, the Administration mailed to Appellee a "NOTICE OF COMMERCIAL DRIVER'S LICENSE DISQUALIFICATION" that included the following information:

Your commercial driver's license/privilege will be disqualified in Maryland for **1 years [sic]** on **10–29–2008**. This disqualification is mandatory pursuant to Maryland Transportation Article '16–812' and Federal Regulation 49 CFR 383.51 as a result of:

DATE    STATE    VIOLATION
12/27/07    MD    Drive/attempt to drive while under the influence of alcohol Per Se (mv)

You may request a hearing to show cause why your commercial driver's license/privilege should not be disqualified by completing page two (2) of this notice.

Appellee requested a hearing, which was conducted by an Administrative Law Judge (ALJ) of the Office of Administrative Hearings, who rejected Appellee's argument that a PBJ disposition is not a "conviction" under the applicable state and federal laws. Appellee then filed a petition for judicial review of the ALJ's decision upholding the Administration's action.

At the conclusion of a judicial review hearing, the Circuit Court "ORDERED, that the action of the Motor Vehicle Administration be REVERSED," on the ground that TA § 16–803 is (in the words of the Circuit Court) "inconsistent within itself, because ... a probation before judgment is a vacated adjudication of guilt, not a final unvacated adjudication of guilt." Thereafter, the Administration filed a petition for *writ of certiorari* with this Court, and we granted that petition. 410 Md. 559, 979 A.2d 707 (2009).

**Discussion**

**I.**

■ Appellee argues that the case at bar became moot on October 29, 2009. The record shows, however, that the one year period of disqualification was suspended by the Circuit Court on June 11, 2009. Because we are affirming the ALJ's decision upholding Appellee's disqualification, (1) Appellee's one year period of disqualification does not include the period of time between June 11, 2009 and the date of this Court's judgment, and (2) there are "collateral consequences" of a CDL disqualification. For these reasons, this appeal is not moot.

■ Moreover, when a moot case presents a question that involves a matter of public concern, and that will continue to arise until resolved by an appellate court, this Court has declined to dismiss on the ground of mootness. *See e.g., In re Julianna B.,* 407 Md. 657, 665–66, 967 A.2d 776, 780–81 (2009); *Suter v. Stuckey,* 402 Md. 211, 220, 935 A.2d 731, 736 (2007); *Arrington v. Dep't of Human Res.,* 402 Md. 79, 91–92, 935 A.2d 432, 439–40 (2007); *Coburn v. Coburn,* 342 Md. 244, 250, 674 A.2d 951, 954 (1996); *Attorney Gen. of Maryland v. Anne Arundel County Sch. Bus Contractors Ass'n,* 286 Md. 324, 328, 407 A.2d 749, 752 (1979); *Lloyd v. Bd. of Supervisors of Elections,* 206 Md. 36, 43, 111 A.2d 379, 381–82 (1954). We shall therefore address the merits of the Administration's petition.

**II.**

■ As there are no disputes of fact in the case at bar, our review is "limited to determining . . . if the administrative decision is premised upon an erroneous conclusion of law." *United Parcel Serv., Inc. v. People's Counsel for Baltimore County,* 336 Md. 569, 577, 650 A.2d 226, 230 (1994). Although it has been stated that "an administrative agency's interpretation and application of the statute which the agency administers should ordinarily be given considerable weight by reviewing courts," *Marzullo v. Kahl,* 366 Md. 158, 172, 783 A.2d 169,

177 (2001), the correct interpretation of the applicable statutes presents a question of law that this Court must decide by applying the following principles of statutory construction:

In seeking to ascertain legislative intent, we first look to the words of the statute, *see Mayor and City Council of Baltimore v. Chase,* 360 Md. 121, 126, 756 A.2d 987, 990 (2000); *Harris v. State,* 353 Md. 596, 606, 728 A.2d 180, 184 (1999); *Lewis v. State,* 348 Md. 648, 653, 705 A.2d 1128, 1131 (1998); *Marriott Employees Fed. Credit Union v. Motor Vehicle Admin.,* 346 Md. 437, 444–45, 697 A.2d 455, 458 (1997); *Stanford v. Maryland Police Training & Correctional Comm'n,* 346 Md. 374, 380, 697 A.2d 424, 427 (1997) (*quoting Tidewater v. Mayor of Havre de Grace,* 337 Md. 338, 344, 653 A.2d 468, 472 (1995), viewing them "in ordinary terms, in their natural meaning, in the manner in which they are most commonly understood." *Derry v. State,* 358 Md. 325, 335, 748 A.2d 478, 484 (2000); *see also Sacchet v. Blan,* 353 Md. 87, 92, 724 A.2d 667, 669 (1999); *Whack v. State,* 338 Md. 665, 672, 659 A.2d 1347, 1350 (1995). "Where the statutory language is plain and free from ambiguity, and expresses a definite and simple meaning, courts do not normally look beyond the words of the statute itself to determine legislative intent." *Degren,* 352 Md. at 417, 722 A.2d at 895 (*citing Marriott Employees,* 346 Md. at 444–45, 697 A.2d at 458); *Kaczorowski v. Mayor of Baltimore,* 309 Md. 505, 515, 525 A.2d 628, 633 (1987); *Hunt v. Montgomery County,* 248 Md. 403, 414, 237 A.2d 35, 41 (1968)). Nor may a court under those circumstances add or delete language so as to "reflect an intent not evidenced in that language," *Condon v. State,* 332 Md. 481, 491, 632 A.2d 753, 755 (1993), or construe the statute with " 'forced or subtle interpretations' that limit or extend its application." *Id.* (*quoting Tucker v. Fireman's Fund Insurance Co.,* 308 Md. 69, 73, 517 A.2d 730, 732 (1986)).

\* \* \*

■ We have acknowledged that in determining a statute's meaning, courts may consider the context in which a statute appears, including related statutes and, even when a

statute is clear, its legislative history. *See Morris v. Prince George's County,* 319 Md. 597, 604, 573 A.2d 1346, 1349 (1990); *see also Kaczorowski v. Mayor and City Council of Baltimore,* 309 Md. 505, 515, 525 A.2d 628, 633 (1987). We have cautioned, however, that this inquiry is "in the interest of completeness," *Harris [v. State],* 331 Md. 137, 146, 626 A.2d 946, 950 (1993), "to look at the purpose of the statute and compare the result obtained by use of its plain language with that which results when the purpose of the statute is taken into account." *Id.* That inquiry, in other words, we emphasized in *Chase,* "is a confirmatory process; it is not undertaken to contradict the plain meaning of the statute." *Chase, supra,* 360 Md. at 131, 756 A.2d at 993; *see also Coleman v. State,* 281 Md. 538, 546, 380 A.2d 49, 54 (1977) ("a court may not as a general rule surmise a legislative intention contrary to the plain language of a statute or insert exceptions not made by the legislature.").

*W. Corr. Inst. v. Geiger,* 371 Md. 125, 141–43, 807 A.2d 32, 41–42 (2002).

### III.

In 1999, Congress passed the Motor Carrier Safety Improvement Act, which includes provisions requiring that the holder of a CDL be prohibited from driving a commercial motor vehicle if he or she has been convicted of certain violations of a State's motor vehicle laws. 49 C.F.R. § 383.51 identifies the offenses that "disqualify" the holder of a CDL from driving a commercial motor vehicle. A State that fails to comply with this federal mandate risks losing federal highway funds.

The term "conviction" is defined as follows in 49 C.F.R. § 383.5:

Conviction means an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or by an authorized administrative tribunal, an unvacated forfeiture of bail or collateral deposited to secure the person's appear-

ance in court, a plea of guilty or nolo contendere accepted by the court, the payment of a fine or court cost, or violation of a condition of release without bail, regardless of whether or not the penalty is rebated, suspended, or probated.

The Maryland Commercial Driver's License Act also includes a definition of "conviction." Since October 1, 2005,[4] TA § 16–803(d) has provided:

"Conviction" means **a final unvacated adjudication of guilt, or a determination that an individual has violated or failed to comply with the law in a court of original jurisdiction** or by an authorized administrative tribunal, an unvacated forfeiture of bail or collateral deposited to secure the person's appearance in court, a plea of guilty or nolo contendere accepted by the court, the payment of a fine or court cost, a probation before judgment finding, or violation of a condition of release without bail, regardless of whether or not the penalty is rebated, suspended, or probated.

(Emphasis supplied).

Maryland's PBJ statute, CP § 6–220, in pertinent part, provides:

(b) *In general.*—(1) **When a defendant** pleads guilty or nolo contendere or **is found guilty of a crime,** a court may stay the entering of judgment, defer further proceedings, and place the defendant on probation subject to reasonable conditions if:

* * *

(ii) the defendant gives written consent after determination of guilt or acceptance of a nolo contendere plea.

* * *

(e) *Waiver of right to appeal.*—(1) By consenting to and receiving a stay of entering of the judgment as provided by subsections (b) and (c) of this section, the defendant waives the right to appeal at any time from the judgment of guilt.

---

4. During the 2005 Session of the Maryland General Assembly, TA § 16–803(d) was (in the words of the "SUMMARY" of Senate Bill 640) "expanded to include a 'probation before judgment' finding."

* * *

(g) *Effect of fulfillment of conditions of probation.*—(1) On fulfillment of the conditions of probation, the court shall discharge the defendant from probation.

(2) The discharge is a final disposition of the matter.

(3) Discharge of a defendant under this section shall be without judgment of conviction and is not a conviction for the purpose of any disqualification or disability imposed by law because of conviction of a crime.

(Emphasis supplied).

■ Appellee argues that (in the words of his brief), "there is no unvacated adjudication of guilt here. [The District Court's] disposition was to strike his finding of guilt **before** the entry of judgment." (Emphasis in brief). There is no merit in this argument, which ignores the important distinction between (1) a finding that the defendant is guilty of a crime, and (2) the decision to "stay" the entry of a judgment of conviction. While an adjudication of guilt is vacated when (1) the trial court grants the defendant's motion for a new trial, (2) an appellate court vacates the judgment of conviction and remands for further proceedings in the trial court, and/or (3) an appellate court reverses the judgment of conviction and prohibits a retrial,[5] it is clear that Appellee's adjudication of guilt has never been *vacated.* Appellee received PBJ only **after** he (1) was found guilty of driving while under the influence of alcohol, and (2) waived his right to appeal that finding.[6]

---

**5.** Although the terms "reversed" and "vacated" are often used interchangeably, some courts use "reversed" when reversing a judgment that cannot be entered again under any circumstances, and use "vacated" when reversing a judgment that may once again be entered at the conclusion of further proceedings. *See e.g., United States v. Krilich,* 948 F.Supp. 719, 724–25 (N.D.Ill.1996).

**6.** Because the applicable definition of "conviction" includes "a [judicial] determination that an individual has violated ... the law," the holder of a CDL is subject to the "disqualification" provisions of the Maryland Commercial Driver's License Act even if he or she fulfills the

Moreover, the record shows that, in addition to granting PBJ to Appellee, the District Court imposed a fine of $1,000 ($650 of which was "suspended"). In *Comm'r of Motor Vehicles v. Lee*, 254 Md. 279, 255 A.2d 44 (1969), this Court made it "clear ... that the imposition of a fine or pecuniary penalty payable to the State may only be done by the [trial court] if there is a 'conviction' which necessarily requires a finding of guilt." *Id.* at 286, 255 A.2d at 47. We therefore hold that TA § 16–812(a)(1)(i), requires that the Administration "disqualify" Appellee "from driving a commercial motor vehicle for a period of 1 year" because-as the term "conviction" is defined in the applicable state and federal law-Appellee has been "convicted" of a violation of TA § 21–902.

**JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT WITH DIRECTIONS THAT THE CIRCUIT COURT ENTER A JUDGMENT AFFIRMING THE ACTION OF THE MOTOR VEHICLE ADMINISTRATION; COSTS IN THIS COURT, AND IN THE CIRCUIT COURT, TO BE PAID BY APPELLEE.**

---

conditions of probation and obtains a "discharge" under CP § 6–220(g).