635 P.2d 308
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Willie James STEVENS,
Defendant-Appellant.**

No. 4733.

Court of Appeals of New Mexico.

Jan. 29, 1981.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Charles F. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of murder in the second degree, defendant appeals. He contends that the successive reindictments on more serious charges arising out of the same incident violated his due process rights. We agree and reverse.

The chronology of events is as follows:

—April 20, 1978. Defendant was indicted in Criminal Cause No. 30551 for aggravated assault with firearm enhancement and voluntary manslaughter or, in the alternative, involuntary manslaughter with firearm enhancement.

—Defendant moved to suppress certain evidence upon which No. 30551 was based.

—June 22, 1978. While No. 30551 was pending, a second indictment, No. 30841, was filed which charged defendant with second degree murder, firearm enhancement.

—June 26, 1978. The district attorney filed a *nolle prosequi* in No. 30551.

—July 28, 1978. Defendant's motion to suppress evidence in No. 30551 was granted.

—Defendant's motion to quash No. 30841 was granted because that indictment was filed while No. 30551 was pending, and because the indictment did not reflect the grand jury's true bill.

—August 31, 1978. A third indictment, No. 31151, was filed, charging defendant with an open charge of murder.

—October 12, 1978. Defendant's motion to quash No. 31151 on the grounds that it was based on evidence suppressed as to No. 30551 was granted.

—After an appeal by the State, this Court reinstated the third indictment. *State v. Stevens*, 93 N.M. 434, 601 P.2d 67 (Ct.App.1979).

—January 14, 1980. Defendant's second motion to quash No. 31151 on evidentiary and due process grounds was denied by the trial court. This Court then denied defendant's interlocutory appeal.

—April 22, 1980. Prior to trial, but more than twenty days after arraignment, defendant moved to dismiss No. 31151, contending that reindictment on more serious charges denied him due process. The motion was denied because it was found to be untimely and because the trial court found no vindictiveness on the State's part.

### Timeliness

We first address the State's contention that the issue may not be raised because of untimeliness under N.M.R. Crim.P. 33(e) N.M.S.A.1978. If the issue is jurisdictional or an invasion of a fundamental right, it may be raised for the first time on appeal. N.M.R.Crim.App. 308, N.M.S.A. 1978; *State v. Austin*, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969); *State v. Lara*, 88 N.M. 233, 539 P.2d 623 (Ct.App.1975). In the instant case, the fundamental right invaded is the defendant's right to exercise a procedural right without fear of vindictiveness on the part of the prosecutor. *See, Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Accordingly, we consider the issue of whether the successive indictments deprived defendant of due process of law.

### Successive Indictments

Defendant, in his argument to the trial court, stated in part:

> I would state for the court that the grand jury proceedings will show that there were numerous attorneys involved in this case on the side of the prosecution during the course of these proceedings. But on the face of the papers involved in this case, it would appear that the prosecution, at least based on the paper work in elevating the charges in this case, raises the specter of vindictiveness and, under the case law which I have cited in the motion—paragraphs 7, 8, and 9 on pages 2 and 3, the indictment violates the due process clause unless the State can make some showing that there was a new or different witness or something along that line which would obviate the vindictive appearance in this situation.

The State argued that there were five different prosecuting attorneys involved in presenting the case to the grand jury on the successive occasions and that the attorney had no knowledge of why the earlier indictments were sought on lesser charges. The trial court ruled that there was no bad faith and the motion was not timely filed.

In *Blackledge v. Perry, supra*, the Supreme Court held that where the prosecutor reindicts because the defendant has exercised a procedural right and the circumstances show a likelihood of vindictiveness, the burden of proof is on the prosecution to show there was no vindictiveness. In that case, defendant was reindicted on a more serious charge after he had exercised a statutory right to appeal. A similar burden has been imposed in sentencing cases in which the record must reflect the reasons for a heavier sentence imposed by a judge after retrial. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The Federal Circuit Courts have interpreted *Blackledge* in different ways. *See, Jackson*

*v. Walker*, 585 F.2d 139 (5th Cir. 1978); *United States v. Andrews*, 612 F.2d 235 (6th Cir. 1979); *United States v. Ruesga-Martinez*, 534 F.2d 1367 (9th Cir. 1976).

■ We hold that when a defendant exercises a procedural right that results in the need for reindictment and the prosecutor then seeks an indictment on more serious charges a presumption of vindictiveness is raised. The burden of proof is then upon the State to show the new indictment was not a result of vindictiveness. We base our holding on the following two grounds. First, the prosecutor's subjective motivations will almost always be impossible to prove and the only evidence the defendant will have is the fact of reindictment. Second, it is a simple matter for the prosecutor to rebut the presumption by showing that there was another reason for the reindictment, such as new evidence. The State's evidence that different prosecutors handled each case is insufficient. One prosecutor is considered to be aware of information in the hands of another. *State v. Barefield*, 92 N.M. 768, 595 P.2d 406 (Ct.App. 1979).

■ Here, defendant was indicted for the second time, two months after the first indictment was filed. The State offered no explanation of why the second indictment was on more serious charges. After defendant successfully challenged the second indictment, he was again reindicted on an even more serious charge. Accordingly, we hold there was a presumption of vindictiveness because of the following two factors: 1) exercise of procedural rights by the defendant that resulted in the need to reindict, and 2) a subsequent reindictment on more serious charges. The State has offered no evidence to show any reason for the enhanced successive indictments.

■ Since the case must be retried, we comment on one other point raised by defendant. It was error to admit testimony regarding defendant dragging another woman by her hair a year prior to the shooting incident involved in this case. The trial court admitted the evidence under N.M.R.Evid. 404(b), N.M.S.A.1978, as showing an absence of accident or mistake. This was error. The incident did not shed any light on defendant's relationship with the deceased, his experience with guns, or an unprovoked tendency toward aggression. This was character evidence and as such was not admissible. N.M.R.Evid. 404(b), *supra*.

Reversed and remanded to be tried under the charges of the first indictment, Criminal Cause No. 30551.

IT IS SO ORDERED.

WALTERS and ANDREWS, JJ., concur.