632 P.2d 1194
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Eusebio GONZALES,
Defendant-Appellant.**

**No. 5042.**

Court of Appeals of New Mexico.

July 30, 1981.

Rehearing Denied Aug. 4, 1981.

Michael Gernsheimer, Granat, Gernsheimer & Hartmann, P.A., Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

■ Gonzales and Ortega were convicted, in a consolidated trial, of larceny of a nail gun over $100.00 in value. Section 30–16–1, N.M.S.A.1978 (1980 Cum.Supp.). Each defendant has appealed. This appeal involves only Gonzales. Issues listed in the docketing statement, but not briefed, were abandoned. *State v. Gallegos*, 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978). Gonzales has briefed two issues which involve: (1) suppression of his statements, and (2) the length of his probation.

*Suppression of Statements*

■ Gonzales sought suppression of all statements he made to the police. In the trial court, Gonzales sought suppression on two grounds: (a) that his statements were the result of promises, and (b) his statements were made in the absence of warnings as to his constitutional rights (*Miranda* warnings—*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). The trial court found that no promises had been made; there is no appellate issue concerning promises. On appeal, Gonzales contends his statements should have been suppressed because he was not given the *Miranda* warnings.

*State v. Harge*, 94 N.M. 11, 606 P.2d 1105 (Ct.App.1979), states: "*Miranda* warnings are required only where there is such a restriction on a person's freedom as to render him 'in custody' and subject to a coercive environment."

*State v. Montano*, 95 N.M. 233, 620 P.2d 887 (Ct.App.1980), states: "General on-the-scene questioning or other general questioning of citizens in the fact-finding process is not considered custodial, however, and a person in these circumstances need not be informed of his rights before being questioned."

*State v. Harge* states "it is for the trial court to weigh the evidence and so long as there is substantial evidence to support its ruling, the appellate court will not find error as a matter of law."

There is substantial evidence which supports the trial court's refusal to suppress the statements of Gonzales.

The theft occurred during the noon hour at a construction site. People at the scene during the noon hour were roofers. When the construction superintendent discovered the nail gun was missing he informed the roofers that "if I couldn't find the gun, I'd have to call the Sheriff." When the superintendent was going to neighbors to use the telephone to report the disappearance, two men left the scene in a blue Ford.

Deputy Villareal was sent to investigate. While discussing the matter with the superintendent, Gonzales returned, alone, in the blue Ford. The deputy asked Gonzales what happened. Gonzales stated he had taken "Rudy" to town (not the other defendant—Ortega) and he thought Rudy had taken the gun. Gonzales went with the deputy to locate Rudy; Gonzales told the deputy where to go. They went to two locations, without success. Arriving at a third location, Gonzales went into the house and returned with the gun. Ortega was found hiding in the house and was arrested. Gonzales made an inculpatory statement to Ortega; this statement is not involved because it was not made to the police. The deputy returned both Gonzales and Ortega to the construction site where the superintendent identified them as the men who had left in the blue Ford. The deputy asked Gonzales if he had given Ortega a ride to town and Gonzales said "no". The deputy then arrested Gonzales.

Gonzales' "statements" are included in the preceding paragraph. The trial court could properly rule that none of the statements were made as a result of custodial questioning.

*Length of Probation*

Gonzales was sentenced to a term of eighteen months in the penitentiary, to be followed by one year parole. All but ninety days of this sentence was suspended. Once the ninety days were served, defendant was placed on probation for two years.

Section 31–20–7(B), N.M.S.A.1978 states: "When the court has suspended the execution of a sentence, in whole or in part, the total period of suspension shall not exceed the maximum length of the term of imprisonment which could have been imposed by sentence against the defendant for the crime of which he was convicted."

This total period of suspension limits the length of probation. Under § 31–20–5, N.M.S.A.1978, the length of probation is for "all or some portion of the period of deferment or suspension", subject to a maximum length of five years.

The dispute thus involves the meaning of the maximum term which could have been imposed. Defendant looks to the sentence that *was* imposed—eighteen months—and asserts that is the maximum probation. The issue, however, involves the imprisonment which "could have been imposed".

Section 31–18–15, N.M.S.A.1978 (1980 Cum.Supp.), in subparagraph A(4), provides a basic sentence of eighteen months imprisonment. Subparagraph C provides for a period of parole in accordance with § 31–21–10, N.M.S.A.1978 (1980 Cum.Supp.). The period of parole for defendant, see § 31–21–10(C), was one year. This parole period is a part of defendant's sentence, but is to be served "after the completion of any actual time of imprisonment." Section 31–18–15(C). A defendant may be imprisoned during his parole period, either for refusing to accept the conditions of parole, § 31–21–10(D), or for violation of conditions of parole, § 31–21–14(C), N.M.S.A.1978. Imprisonment for noncompliance with parole matters, however, is not a term of imprisonment which could have been imposed by sentence; such imprisonment results only after sentence has been imposed. The parole term is not to be utilized in determining the maximum length of probation under a suspended sentence.

Section 31–18–15(B) provides that the term of eighteen months imprisonment was

"[t]he appropriate basic sentence of imprisonment ... unless the court alters such sentence pursuant to the provisions of Section 31–18–15.1, 31–18–16 or 31–18–17 NMSA 1978." Each of these sections authorize additional imprisonment—§ 31–18–15.1 for aggravating circumstances; § 31–18–16 for use of a firearm; § 31–18–17 for a prior felony conviction. The additional imprisonment authorized by these sections could not have been imposed absent facts making these sections applicable. In this case, there is no suggestion that there are facts making any of these sections applicable. The result is that the maximum term of imprisonment which could have been imposed was eighteen months. Eighteen months being the maximum imprisonment which could have been imposed, eighteen months was the maximum length of his probation.

The conviction and sentence are affirmed. The cause is remanded to correct the length of defendant's probation by reducing the length of the probation to eighteen months.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.