633 P.2d 1225

**STATE of New Mexico, Petitioner,**

v.

**Willie James STEVENS, Respondent.**

No. 13524.

Supreme Court of New Mexico.

Sept. 15, 1981.

Jeff Bingaman, Atty. Gen., Charles F. Noble, Asst. Atty. Gen., Santa Fe, for petitioner.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

PAYNE, Justice.

The defendant, Willie James Stevens, was convicted of second-degree murder under the third of a series of successively more serious indictments. On appeal he alleged, among other things, that the enhanced suc-cessive reindictments which resulted in his conviction violated his right to due process. The Court of Appeals overturned the conviction, holding that the reindictments created a presumption of vindictiveness on the part of the prosecutor. We granted certiorari and reverse the Court of Appeals on that issue.

The defendant was originally indicted for aggravated assault with a firearm enhancement and voluntary manslaughter or, in the alternative, involuntary manslaughter with firearm enhancement. He moved to suppress certain evidence upon which this indictment was based. While the first indictment was pending and before a ruling on the motion to suppress, a second indictment was filed which charged the defendant with second-degree murder with firearm enhancement. Four days after the second indictment was filed, the district attorney filed a *nolle prosequi* in the first cause. Notwithstanding the *nolle prosequi*, the trial court acted on the motion to suppress and ruled in the defendant's favor. The defendant's subsequent motion to quash the second indictment was granted because that indictment was filed while the first was still pending. Later, the prosecutor procured a third indictment containing an open charge of murder. The court granted the defendant's motion to quash the third indictment on the grounds that it was based on evidence suppressed as to the first indictment. On appeal, the Court of Appeals reinstated the third indictment. *State v. Stevens*, 93 N.M. 434, 601 P.2d 67 (Ct.App.1979). A second motion to quash the third indictment was denied.

Prior to trial on the third indictment the defendant moved again for dismissal upon a new ground contending that the successive reindictments on more serious charges denied him due process. The trial court denied the motion because it found no vindictiveness on the State's part in increasing the charges in the successive indictments.

On appeal his conviction was reversed by the Court of Appeals which held that a presumption of vindictiveness arose when the prosecutor sought an enhanced indict-

ment after the defendant exercised a procedural right which resulted in a need for reindictment. We disagree with the Court of Appeals that a presumption of vindictiveness arose in this case and affirm the trial court.

The United States Supreme Court recognized a presumption of vindictiveness in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). There the Court held that the record must reflect the reasons for a heavier sentence imposed by the same judge after a second conviction resulting from a successful appeal of the original conviction. The holding was based on two concurrent due process considerations. First, "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Second, "due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge" which could deter exercise of procedural rights. *Pearce, supra*, 395 U.S. at 725, 89 S.Ct. at 2080. The requirement of objective, on-the-record facts justifying the stiffer sentence is a "prophylactic rule" intended to police vindictive judicial behavior. However, this rule does not apply where a stiffer sentence is imposed pursuant to a trial de novo before a different judge, *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), or where the resentencing is performed by a different jury following a second conviction after a successful appeal, *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). In the latter cases, the Court explained that a different judge or a different jury will have "no personal stake in the prior conviction and no motivation to engage in self-vindication." *Stynchcombe, supra*, 412 U.S. at 27, 93 S.Ct. at 1983.

In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the concern about vindictiveness was extended to prosecutorial action. In that case, the defendant, originally indicted on a misdemeanor charge, was reindicted on a more serious felony charge after he had exercised a statutory right to a de novo trial. On these facts, the Court concluded that the prosecutor had a "considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo," since "such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free." *Id.*, at 27, 94 S.Ct. at 2102. Applying the rationale of *Pearce*, the Court held that the prosecutor's conduct violated due process, not because there was evidence of bad faith or because "actual retaliatory motivation must inevitably exist" in this circumstance, but because of the improper deterrent effect of a defendant's apprehension of retaliation. "A person convicted of an offense is entitled to pursue his statutory right of a trial de novo without apprehension that the state will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." *Blackledge, supra*, 417 U.S. at 28, 94 S.Ct. at 2102–2103.

Most recently, in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the Court refined its approach. The prosecutor, openly admitting that he acted vindictively, obtained a second indictment adding a more serious charge after the defendant refused to plead guilty to the original indictment. The Court ruled that the defendant's due process rights were not impaired. Since an increase in charges as a part of the "give-and-take" of plea bargaining contained "no element of punishment or retaliation as long as the accused is free to accept or reject the prosecution's offer." *Id.* at 363, 98 S.Ct. at 668.

A review of the approaches used in the federal courts demonstrates that reconciliation of these three cases has not been easy. A good example of this difficulty is *United States v. Andrews*, 633 F.2d 449 (6th Cir. 1980), in which four judges dissented separately from the *en banc* decision.

*Andrews* involved a superseding indictment charging conspiracy which the prosecutor obtained within two days after the defendants successfully appealed a denial of bail. The court framed the question as a reconciliation of "two conflicting rules of law: 1) prosecutors have and need broad discretion to file charges where there is probable cause that someone has broken the law; 2) vindictive conduct by persons with the awesome power of prosecutors (and judges) is unacceptable and requires control." *Id.* at 453. The majority adopted a standard that if "there existed a realistic likelihood of vindictiveness for the prosecutor's augmentation of the charges," the burden of disproving it is on the government. To avoid the difficulty and unpleasantness of having judges pass on subjective good faith assertions by prosecutors, "only objective, on-the-record explanations can suffice to rebut a finding of realistic likelihood of vindictiveness." *Id.* at 456 (footnote omitted). The court reached this result, applying it to pretrial prosecutorial discretion, by limiting *Bordenkircher* to the specific context of plea bargaining.

Other circuits have applied different analyses. For example, in the Fifth Circuit, if a prosecutor adds charges related to separate criminal acts, he may overcome a presumption of vindictiveness merely by presenting non-vindictive reasons for his action. *Hardwick v. Doolittle*, 558 F.2d 292 (5th Cir. 1977), *cert. denied*, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978). However, if the added charges arise out of the activity involved in the original indictment, a balancing test is applied which may result in barring the added charge. *Jackson v. Walker*, 585 F.2d 139 (5th Cir. 1978); *Miracle v. Estelle*, 592 F.2d 1269 (5th Cir. 1979). That same circuit has recently ruled that there is no violation of due process where a defendant receives a greater sentence for choosing a trial over making a plea bargain. There, the sentencing judge indicated in pretrial plea bargaining sessions that he would sentence the defendant to twenty years confinement if he accepted a plea bargain. After trial, the same judge sentenced the defendant to thirty-three years in prison. *Frank v. Blackburn*, 646 F.2d 873 (5th Cir. 1980).

In the Ninth Circuit, the prosecutor bears a heavy burden to overcome the presumption of vindictiveness whenever charges are added after the defendant exercises a procedural right. *United States v. Groves*, 571 F.2d 450 (9th Cir. 1978); *United States v. Griffin*, 617 F.2d 1342 (9th Cir. 1980).

The Fourth Circuit recently held that, even though the prosecutor did not act with actual vindictiveness in seeking a felony indictment, a felony conviction must be set aside where the indictment could have been brought before the defendant elected a jury trial on a misdemeanor charge, but was not actually brought until after. The court feared that permitting the felony prosecution might chill the exercise of the right to a jury trial. *United States v. Goodwin*, 637 F.2d 250 (4th Cir. 1981).

The Tenth Circuit has held that application of the New Mexico Habitual Offender Act to a defendant who had successfully appealed his original conviction but who had been re-convicted was improper since the prosecutor had not applied the Act after the original conviction. *James v. Rodriguez*, 553 F.2d 59 (10th Cir. 1977), *cert. denied*, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977). Several other variations of the vindictiveness notion have been applied. In the absence of further guidance by the United States Supreme Court, we deem it necessary to make an independent analysis of the question.

In reconciling the conflicting rules of law outlined by the *Andrews* court, we note that the U. S. Supreme Court has never applied the vindictiveness notion to a prosecutor's actions in the pretrial and trial stages of a criminal case. *Bordenkircher* was the only case presenting pretrial activity, and there, despite clearly vindictive conduct, the Court declined to apply the doctrine. As Justice Blackmun stated in dissent, the Court appeared to be "departing from, or at least restricting" the *Pearce* and *Perry* doctrines. *Bordenkircher, supra*, 434 U.S. at 365, 98 S.Ct. at 669.

The prosecution in the present case urges a distinction based on a double-jeopardy notion; i. e., it claims that the presumption of vindictiveness was intended only to protect double jeopardy values involving post-conviction vindictiveness. As a result, the doctrine would not apply to pretrial proceedings. Adoption of this analysis would limit *Pearce* and *Perry* to the double jeopardy context. While this approach has the obvious advantage of relative simplicity and ease of application, we cannot foreclose the possibility that a prosecutor's pretrial retaliatory conduct might violate due process.

At the same time, we see serious problems in applying a *Pearce/Perry* presumption of vindictiveness at the pretrial stage. As Judge Merritt stated in dissent in the *Andrews* case:

> During the pretrial and trial process, the prosecutor must decide what position to take on an endless variety of procedural, evidentiary, substantive and tactical questions. He may oppose motions to suppress evidence or for the appointment of counsel or refuse to agree to discovery, severance, bail, or plea bargaining; he may try to get into evidence prior criminal conduct or various co-conspirator and other kinds of hearsay; he may be harsh in his characterization of the defendant's conduct to the jury; he may recommend probation or refuse to prosecute altogether; or he may make a deal with a co-defendant in exchange for incriminating testimony and on and on.
>
> Once a defendant has successfully asserted a particular legal right in the course of the criminal process over the prosecutor's objection, is the prosecutor arguably guilty of unconstitutional vindictive conduct, which "chills" the exercise of the legal right asserted, each time the prosecutor thereafter takes a position contrary to the interests of the defendant? If not, why not, and what is the standard of measurement? What difference does it make that the prosecutor's conduct took place *after* rather than *before* the defendant asserted the right? The "exercise" of a legal right can be more effectively "chilled" before it is as-serted than after. What difference should it make that the defendant was unsuccessful rather than successful in asserting the legal right? On the facts of this case, would it make any difference that the defendant lost his motion for bail rather than won it? If we are talking about the "exercise" of a legal right, should it make a difference that its exercise happened to be unsuccessful in the particular case?

633 F.2d at 459.

We are sensitive both to a defendant's due process rights and to the need for full prosecutorial discretion in seeking indictments. We would not hesitate to impose a presumption of vindictiveness if we felt that such a presumption were necessary to protect defendants, in a pretrial setting, from deprivations of due process. We do not feel that such a presumption is necessary, however.

At the pretrial stage the prosecutor has not gone through the effort of a trial and therefore has less at stake and less motive to act vindictively. As pointed out by Judge Merritt, many actions taken by a prosecutor prior to conviction might appear vindictive yet are required by our system of criminal justice. We do not find at the pretrial stage the type of motivation sufficient to presume vindictiveness. Imposition of a pretrial presumption of vindictiveness would interfere with proper prosecutorial discretion. Prosecutors would be required to justify actions properly taken as adversaries but which may appear vindictive, adding additional burdens to the criminal justice system. Prosecutors might feel compelled to press the severest charges possible at the outset, to the detriment of defendants.

If a prosecutor acts vindictively before trial, the defendant still retains the protection of a jury trial. Situations may arise where egregious conduct on the part of a prosecutor could extinguish the protections afforded by a jury trial. Even though a defendant does not have the benefit of a presumption at the pretrial stage, he may

present evidence of vindictiveness and request relief from the court. However, such conduct is not present in this case.

We note that the indictments in the present case were obtained through a grand jury, which traditionally has afforded some protection against improper prosecutorial activity. The present case presents no indication that the grand jury procedure inadequately protected the defendant. The trial court considered the question of vindictiveness and determined that there was no improper conduct. We do not deem it necessary to impose a pretrial presumption of vindictiveness. Therefore, we reverse the Court of Appeals and remand to them for consideration of the other points raised on appeal.

We express no opinion on the evidentiary issues raised.

Reversed.

BE IT SO ORDERED.

EASLEY, C. J., and FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, dissenting.