650 P.2d 32

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Ricardo AGUILAR, Defendant-Appellant.**

**No. 5580.**

Court of Appeals of New Mexico.

July 20, 1982.

Rehearing Denied Aug. 20, 1982.

Certiorari Denied Aug. 20, 1982.

Dale B. Dilts, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendant appeals both his conviction for aggravated assault with a firearm, and the sentence imposed by the trial court. The issues before us are: (1) whether it was fundamental error to allow testimony relating to defendant's possession of a firearm, because the gun and evidence of its seizure had been ordered suppressed; and (2) whether defendant can be required to serve a mandatory prison sentence after he has served in excess of one year on probation for the same offense. Other issues listed in the docketing statement but not briefed are deemed abandoned. *State v. Gonzales,* 96 N.M. 556, 632 P.2d 1194 (Ct.App.1981).

This is the third time this cause has been before this court, and the proceedings herein have been lengthy and extensive. On November 29, 1979, defendant was indicted upon the charge appealed from here. Following his conviction, the trial court sentenced him to two years imprisonment, one year for aggravated assault and one year for the firearm enhancement, suspended the entire sentence, and ordered that he be placed on probation for two years. At the original sentencing hearing, the trial court further declared unconstitutional the mandatory penalty provisions of the firearm enhancement statute, § 31–18–16, N.M.S.A. 1978 (Repl.1981).

In the first appeal of this case, the state appealed both the trial court's ruling that the mandatory sentencing provision of the firearm enhancement statute was unconstitutional and the court's suspension of the mandatory sentence. The Court of Appeals dismissed the appeal, finding that the state had no right of appeal therein. On review by *certiorari,* the Supreme Court reversed the dismissal of the appeal and ordered the cause reinstated on the Court of Appeals docket for decision on the merits. *State v. Aguilar,* 95 N.M. 578, 624 P.2d 520 (1981).

On remand, the trial court's ruling that the mandatory sentencing provisions of § 31–18–16, *supra,* was an unconstitutional violation of the separation of powers doctrine was held erroneous by this court on August 11, 1981, in light of the decision in *State v. Mabry,* 96 N.M. 317, 630 P.2d 269 (1981). *State v. Aguilar,* No. 5082 (N.M.Ct. App. Aug. 11, 1981). We also held that the trial court erroneously suspended the mandatory sentence required under § 31–18–16, *supra.* The memorandum issued by this court provided, "The cause is remanded with instructions to vacate the sentence imposed and to resentence defendant in accordance with § 31–18–16 and *State v. Mabry."*

Following the remand of this cause by the Court of Appeals, the trial court vacated defendant's prior sentence, and on January 8, 1982, imposed a sentence of eighteen months imprisonment for the assault, which he suspended, plus an additional one year sentence which was not suspended, for the firearm enhancement, less credit for three days presentence confinement.

## I. *Claim of Fundamental Error*

Defendant became involved in a confrontation with another motorist in Albuquerque and brandished a gun at the other driver. During the argument, defendant's revolver discharged, sending a bullet into defendant's own car, but not striking the victim.

Following the incident, a police officer went to defendant's home, but defendant did not answer the door. Apparently an officer looked in defendant's car outside his home and found a gun and ammunition, which he seized without obtaining a search warrant.

Prior to trial, defendant successfully moved the court to suppress the .38 caliber revolver, five live rounds and one spent round of ammunition, all taken from defendant's automobile.

Defendant contends that testimony about the gun was tainted fruit of an illegal search and seizure, and evidence con-

cerning defendant's possession or use of the weapon was erroneously admitted. This point is without merit since defendant seeks to raise the issue for the first time on appeal. No objections on grounds of prior suppression were raised at trial to any of the testimony claimed as error. To preserve a claim of error for appellate review involving the admissibility of evidence, a party must make a timely objection. N.M. R.Evid. 103(a)(1), N.M.S.A.1978. A reviewing court will not reverse the trial court on grounds the trial court was neither first asked to consider nor had the opportunity to review. *State v. Parrillo*, 94 N.M. 98, 607 P.2d 636 (Ct.App.), *cert. denied*, 94 N.M. 629, 614 P.2d 546 (1979); N.M.R.Crim. App.P. 308, N.M.S.A.1978.

■ Defendant notes that his trial counsel raised suppression of the gun at the close of the state's case in chief. However, defendant's trial counsel only said at that time, "[T]he defense moves for a partial directed verdict regarding mᴜre specifically the firearm enhancement provision of this charge.... First of all, ... there was no evidence produced in this matter of a pistol other than testimony. Furthermore, your honor, that gun was suppressed in a suppression motion your honor heard earlier last month." The court properly denied the motion. Because the court suppressed the gun as physical evidence, it does not necessary follow that independent testimony regarding its existence was also improper. *State v. Marshall*, 359 So.2d 78 (La.1978).

■ Although conceding that he interposed no objection to the evidence below, defendant argues nevertheless that the admission of such testimony constituted fundamental error which may be raised at any time. *See State v. Stevens*, 96 N.M. 753, 635 P.2d 308 (Ct.App.), *rev'd on other grounds*, 96 N.M. 627, 633 P.2d 1225 (1981). This argument must also fail; admission of the testimony complained of does not constitute error.

On direct examination by the state, Mary Loy, an eyewitness, testified that she was in a car which was stopped directly behind the victim's pickup. She stated that she ob-

served defendant approach the victim's pickup with a gun and saw defendant fire the pistol into the air.

Thereafter, defendant testified and denied ever having approached the victim's pickup truck. Defendant asserted that he stopped his car on a side street, that somehow his gun fell out of his car and accidently fired when he picked it up.

Defendant also testified extensively about his efforts to attempt to get his gun back from the police who had seized it and stated that he worked as a security guard and used it in his employment. He was cross-examined on his attempts to retrieve the weapon, and during closing arguments the State discussed defendant's attempts to retrieve the gun from the police.

■ Evidence by witnesses concerning defendant's use of a weapon during the commission of a crime is admissible, even though the weapon in question may have been subsequently ordered suppressed because of an illegal search and seizure. *State v. Marshall, supra.* In *Marshall*, the court stated that if the facts referred to in a witness's testimony are derived from an independent source not tainted in any way by an illegal search, the evidence is not rendered inadmissible. Similarly, in *United States v. Weller*, 652 F.2d 964 (10th Cir. 1981), the court held that testimony emanating not from an illegal interrogation but independently gained by police from independent sources other than the defendant was admissible notwithstanding that defendant's statements had been ordered suppressed as evidence. The court in *Weller, supra*, further held that for the proscription of the "fruit of the poisonous tree" doctrine to apply, "there must be some rational connection between the 'fruit' and 'the poisonous tree.'"

■ Moreover, evidence of the seizure of the weapon was brought up in direct examination of defendant by his counsel. Defendant may not complain of evidence which he injected into the case. *State v. Turner*, 97 N.M. 575, 642 P.2d 178, (Ct.App. 1981); *cert. quashed*, 98 N.M. 51, 644

P.2d 1040 (1982); *State v. Harrison*, 81 N.M. 324, 466 P.2d 890 (Ct.App.1970). It was not error for the state to comment during closing argument upon the seizure of the weapon where defendant himself initially testified to such matters.

Since defendant voluntarily injected the issues into evidence, it was not error to admit the unobjected to testimony concerning defendant's use of a gun or the events surrounding its seizure.

## II. *Imposition of Sentence*

Defendant claims as error, the trial court's action in vacating his initial sentence and resentencing him to a 12 month prison term under the firearm enhancement statute. Defendant argues that since he had already served 12 months probation for the same firearm enhancement offense, he has in effect already served the mandatory sentence. Defendant's argument essentially raises a double jeopardy issue, i.e., that it is improper to sentence defendant a second time for the same offense after he has completed serving the original sentence.

Defendant argues that time already served by him under a sentence imposed cannot be taken away and that he has effectively served the mandatory sentence even though he was on probation. Alternatively, defendant argues that he must be given credit against the mandatory firearm enhancement sentence for the time previously served by him on probation during the pendency of the initial appeal.

The state concedes that under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the proscription against double jeopardy requires that credit must be given on resentencing for punishment already endured. The decision in *North Carolina*, however, is not applicable to the instant case. The court there was referring to *incarceration* already endured. *See also Sneed v. Cox*, 74 N.M. 659, 397 P.2d 308 (1964).

In the decision of this court issued following remand from the Supreme Court, the trial court was directed to vacate its previously imposed sentence and to resentence defendant in accord with the mandatory firearm enhancement statute. The trial court correctly carried out the mandate imposed by this court.

Section 31–18–16, *supra*, provides in part:

A. When a separate finding of fact by the court or jury shows that a firearm was used in the commission of a noncapital felony, *the basic sentence of imprisonment prescribed for the offense* in Section 31–18–15 NMSA 1978 *shall be increased by one year, and the sentence imposed by this subsection shall be the first year served and shall not be suspended or deferred.* [Emphasis supplied.]

The sentence originally imposed upon defendant for firearm enhancement was void. On appeal, the sentence was declared invalid and the constitutionality of the firearm enhancement statute was judicially affirmed.

█ Where a valid sentence has been imposed, a court may not thereafter increase the penalty. *State v. Allen*, 82 N.M. 373, 482 P.2d 237 (1971); *State v. Crespin*, 96 N.M. 640, 633 P.2d 1238 (Ct.App.1981). However, where the original sentence imposed is determined to be void, defendant's sentence may be enhanced to comply with the requirements of law.

As stated in *State v. Crespin, supra*: The fixing of penalties is a legislative function; the trial court's authority is to impose a penalty which has been authorized by the legislature .... *State v. Holland*, 91 N.M. 386, 574 P.2d 605 (Ct. App.1978); see *McCutcheon v. Cox*, 71 N.M. 274, 377 P.2d 683 (1962); *State v. Hovey*, 87 N.M. 398, 534 P.2d 777 (Ct.App. 1975).

█ Since the judgment purporting to suspend the firearm enhancement provision of defendant's original sentence was void, and he was not previously sentenced to serve any time of official confinement, defendant cannot be said to have served any portion thereof and defendant cannot be held to have accrued a right to credit against the enhanced portion of defendant's

514

sentence as finally imposed. Section 31–20–11, N.M.S.A.1978 (Repl.1981).

In *State v. Mayberry*, 97 N.M. 760, 643 P.2d 629 (Ct.App.1982), it was held that a firearm enhancement sentence cannot be bifurcated from the basic sentence imposed on defendant. Inasmuch as defendant's original sentence was void, double jeopardy did not attach, and defendant's resentencing for the mandatory enhancement provision must stand.

As stated in *Garcia v. United States*, 492 F.2d 395 (10th Cir.), *cert. denied*, 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142 (1974), it is a "well established principle that an invalid sentence may be corrected by the imposition of a proper sentence ... even though, at the time of the resentencing, the original sentence is being served."

Under the facts herein, the trial court correctly imposed sentence upon defendant in accordance with this court's mandate.

Finding no error, we affirm the judgment and sentence of the trial court.

IT IS SO ORDERED.

WALTERS, C. J., and NEAL, J., concur.