This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                           **NO. 32,524**

**EDMUND LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Nicole Murray, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Defendant appeals his convictions for criminal sexual penetration in the first degree (child under 13), attempt to commit criminal sexual penetration in the second degree (although the judgment misstates the crime), and criminal sexual contact of a minor in the third degree (child under 13). We issued a calendar notice proposing to remand for correction of a clerical error and to reduce the term of probation. We proposed to affirm on the remaining four issues. The State has responded by indicating it will not be filing a memorandum in opposition. Defendant has responded with a memorandum in opposition and a motion to reconsider the denial of his motion to supplement the record with his rejected jury instruction. Defendant's motion is denied. We affirm in part and reverse and remand in part.

For purposes of consistency, we address the issues as they were ordered in the docketing statement.

**Issue 1**: Defendant continues to claim that the district court erred in refusing to allow defense counsel to ask prospective jurors how they voted in a previous case involving defense counsel (but not Defendant) that resulted in a hung jury. [MIO 11] The district court is granted broad discretion in limiting the scope of questioning during voir dire. *State v. Sosa*, 1997-NMSC-032, ¶ 14, 123 N.M. 564, 943 P.2d 1017. In light of the fact that Defendant was not involved in that other case, and had no right to poll that jury, we believe that it was not an abuse of discretion for the district court to allow prospective jurors to maintain the confidentiality of the jury process. In

addition, it is purely speculative to say that the prospective jurors would vote in a manner consistent with any previous case with unrelated facts. Instead of bias, the jurors may have voted in a manner consistent with the evidence before them.

**Issue 2:** Defendant continues to claim that he was denied due process by unduly broad charging dates. [MIO 6] However, in the docketing statement, Defendant did not refer to the charging documents, which limit the acts to a three-month period. [RP 1, 44] Instead, Defendant referred us to the victim's testimony elicited on cross-examination that there was abuse over a period of one year. [DS 4] To the extent that this testimony might have referenced other acts, Defendant was not charged and convicted for these acts and, therefore, he has not suffered any due process prejudice. Although Defendant now claims that the three-month period in the charging documents was too lengthy [MIO 7], this per se allegation of three months being too long is insufficient to establish a due process violation. *Cf. State v. Baldonado*, 1998-NMCA-040, ¶ 23, 124 N.M. 745, 955 P.2d 214 (declining to hold that two-year period in charging document was too long as a matter of law because "[i]t is possible that a two-year period, or larger, may be the most narrow time frame the prosecutor can be required to muster in an appropriate case").

**Issue 3:** Defendant challenges the refusal to instruct the jury with his tendered instructions Nos. 4 and 6. [MIO 4-5] The instructions included language that Defendant's acts must have been unlawful and that it is not unlawful to penetrate the

3

victim for medical purposes. [MIO 4-5] Although the jury instruction in this case did not include the element of unlawfulness [RP 141], it is not error to omit that element from a jury instruction where the predicate act is, by its very nature, unlawful. In this case, the insertion of a thermometer into the victim's vagina could not reasonably be considered lawful. [RP 141] Therefore, there was no need to give Defendant's instruction No. 4, dealing with unlawfulness. It follows that requested instruction No. 6 was properly refused because no reasonable juror could conclude that the vaginal penetration was made for medical purposes. *See State v. Gaitan*, 2002-NMSC-007, ¶ 11, 131 N.M. 758, 42 P.3d 1207 (observing that a jury instruction does not need to be given where no reasonable view of the evidence supports it).

**Issue 4:** Defendant has challenged the imposition of a sentence of six years for his conviction for attempted criminal sexual contact in the second degree. [MIO 13] Defendant correctly observes that three years is the basic sentence for attempt to commit a second degree felony. [MIO 13-14] However, six years is the basic sentence for attempt to commit a second degree felony for a crime involving a sexual offense against a child, as occurred here. *See* NMSA 1978, § 30-28-1(B) (1963); NMSA 1978, § 31-18-15(A)(8) (2007). To accept Defendant's argument that Section 31-18-15(A)(8) only applies to completed crimes is to ignore the plain language of both of these statutes. We note, however, that the judgment and sentence contains a clerical error. Although the term of the sentence is correct, the judgment misstates

Defendant's conviction on Count 2. Defendant was convicted of attempted criminal sexual contact of a minor in the second degree, and not attempted CSP, as stated in the judgment. [RP 142, 159, 164] Accordingly, we remand for correction of the clerical error.

**Issue 5:** Defendant has challenged the inclusion of a term of probation in the judgment and sentence. The district court placed Defendant on probation pursuant to NMSA 1978, Section 31-20-5.2 (2003), which addresses sex offender probation. [RP 166] That statute applies where there is a suspended or deferred sentence. *See* § 31-20-5.2(A) ("When a district court defers imposition of a sentence for a sex offender, or suspends all or any portion of a sentence for a sex offender, the district court shall include a provision in the judgment and sentence that specifically requires the sex offender to serve an indeterminate period of supervised probation."). Here, the district court imposed the maximum period of incarceration with no portion of the sentence deferred or suspended. [RP 165] In the absence of independent statutory authority, the general rule is that probation may not extend beyond the maximum sentence. *See State v. Crespin*, 96 N.M. 640, 642, 633 P.2d 1238, 1240 (Ct. App. 1981). Accordingly, we reverse that portion of Defendant's sentence.

**Issue 6:** Defendant challenges the denial of good time credit for Count 2, attempt to commit CSP in the second degree. [MIO 16] This attempt crime is not one of the enumerated crimes eligible for the denial of good time credit. *See* NMSA 1978,

5

§ 33-2-34(L)(4) (2006). We therefore reverse this portion of the sentence. *See State v. Loretto*, 2006-NMCA-142, ¶ 9, 140 N.M. 705, 147 P.3d 1138.

For the reasons set forth above, we affirm on issues 1-3, we remand on issue 4 for correction of a clerical error, and we reverse and remand for re-sentencing on issues 5-6.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**J. MILES HANISEE, Judge**